IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reinaldo Carrillo-Jaime,<br><br>    Petitioner,<br><br>vs.<br><br>Katrina Kane,<br><br>    Respondent. | No. CV-07-2025-PHX-FJM (LOA)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that his detention pending removal proceedings violates the Fifth Amendment. (docket # 1) Respondents argue that Petitioner's detention during removal proceedings was expeditious and that Petitioner is not entitled to relief. (docket # 10) Petitioner has filed a reply. (docket # 13)

**I. Background**

Petitioner is a native and citizen of El Salvador who entered the United States at Los Angeles, California on June 17, 1991, as a lawful permanent resident. (Respondents' Exh. 1) On August 26, 1993, Petitioner was convicted in the California Superior Court, Los Angeles County, of receiving stolen property, a felony, in violation of California Penal Code section 496(a). (Respondents' Exh. 2) On March 9, 2005, in the Superior Court of California, Los Angeles County, Petitioner was convicted of "Chop Shop Operation", a felony, in violation of California Vehicle Code § 10801 and was sentenced to two years imprisonment. (Respondents' Exh. 3)

**A.  Removal Proceedings**

On October 11, 2005, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"), charging Petitioner with removability pursuant to: (1) Immigration and Nationality Act ("INA") § 237(a)(2)(A)(i) as an alien who has been convicted of a crime involving moral turpitude committed within five years after admission for which a sentence of one year or longer may be imposed; and (2)  INA § 237(a)(2)(A)(ii), as an alien who, at any time after admission, has been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.  (Respondents' Exh. 4)

That same day, the Government served Petitioner with a Notice of Custody Determination, Form I-286, setting bond at $20,000.  (Respondents' Exh. 5) Petitioner requested a bond re-determination hearing before an immigration judge.  On October 25, 2005, the Immigration Judge ("IJ") found that the immigration court lacked jurisdiction to re-determine Petitioner's bond pursuant to INA § 236(c).  (Respondents' Exh. 6)

On October 25, 2005, Petitioner appeared before the immigration court at an initial removal hearing.  Petitioner admitted the allegations in the NTA and conceded the charge of removability.  The IJ sustained the charges of removal contained in the NTA. Petitioner expressed fear of removing to El Salvador.  The IJ gave Petitioner an asylum application and re-scheduled the matter for a hearing on Petitioner's asylum application. (Respondents' Exh. 7) On November 9, 2005, Petitioner submitted an application for asylum.  On November 15, 2005, the IJ conducted a hearing during which Petitioner withdrew his application for asylum.  (Respondents' Exh. 7) That same day, the IJ ordered Petitioner removed to El Salvador and Petitioner reserved appeal.  (Respondents' Exh. 8)

Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). On March 10, 2006, the BIA remanded the case to the IJ to permit Petitioner to apply for a waiver of inadmissibility under former § 212(c) of the INA.  (Respondents' Exh. 9)

1   On April 6, 2006, at a re-set master calendar hearing, DHS issued an additional
2   charging document, Form I-261, charging Petitioner with removability under INA §
3   237(a)(2)(A)(iii), as an alien who has been convicted of an aggravated felony as defined
4   in § 101(a)(43)(G), a theft offense or burglary offense for which the term of imprisonment
5   is at least one year.  (Respondents' Exh. 10) At the May 16, 2006 removal hearing,
6   Petitioner denied the additional charge on the Form I-261.  (Respondents' Exh. 11) On
7   May 25, 2006, the IJ sustained the charge of removability based on Petitioner's
8   conviction as an aggravated felon on March 9, 2005.  (Respondents' Exhs. 7, 11)
9   Sustaining the aggravated felony charge rendered Petitioner's § 212(c) application moot
10  because an aggravated felon is inapplicable for relief under §212(c).  (*Id.*)  The IJ ordered
11  Petitioner removed to El Salvador.  Petitioner reserved appeal.  (Respondents' Exh. 12)
12       Petitioner appealed the IJ's May 25, 2006 decision to the BIA.  On September 15,
13  2006, the BIA affirmed the IJ and dismissed the appeal. (Respondents' Exh. 13)

### B. Proceedings before the Ninth Circuit Court of Appeals

15       On September 22, 2006, Petitioner filed a petition for review of the removal order
16  and a motion to stay removal with the Ninth Circuit Court of Appeals.  (Respondents'
17  Exhs. 14, 15)  On February 22, 2007, the Ninth Circuit granted Petitioner's motion for
18  stay of removal and set a briefing schedule on the appeal.  (Respondents' Exh. 15) After
19  seeking one fourteen-day extension, Petitioner filed his opening brief on June 13, 2007.
20  (Respondents' Exh. 15) The Government also sought one fourteen-day extension to file a
21  reply, which was filed on September 26, 2007.  (Respondents' Exh. 15)  The appeal is
22  briefed and pending before the Ninth Circuit Court of Appeals.  (Respondents' Exh. 15)

### C. Review of Custody Status

24       In the meantime, on September 29, 2006, DHS served Petitioner with a "Notice to
25  Alien of File Custody Review" advising him that his custody would be reviewed on
26  December 1, 2006.  (Respondents' Exh. 16) On September 29, 2006, Petitioner was also
27  served with a Warning for Failure to Depart.  (Respondents' Exh. 17) On December 12,

- 3 -

2006, DHS issued a Decision to Continue Detention advising Petitioner that he would not be released from custody based on his criminal record, lack of rehabilitation, lack of evidence of a specific residence, and his lack of an employment offer. (Respondents' Exh. 18)

On October 10, 2007, Petitioner was served with a "Notice to Alien of File Custody Review" which was to occur on November 30, 2007. (Respondents' Exh. 19) On December 28, 2007, DHS issued a decision to Continue Detention based on Petitioner's imminent removal to El Salvador once the Ninth Circuit Court of Appeals issues its final ruling. (Respondents' Exh. 20) Petitioner remains in DHS custody in Eloy, Arizona.

**II. Analysis**

This Court may issue a writ of habeas corpus to a DHS detainee who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. In his Petition, Petitioner asserts that he has been detained since October 11, 2005 and that his continued detention is unlawful. (docket # 1)

**A. Governing Statutes**

Several federal statutes provide for the detention of aliens under different circumstances. Section 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226, governs the initial apprehension and detention of aliens for purposes of determining whether an alien should be removed from the United States. 8 U.S.C. § 1226. Section 1226(c) provides that, except in limited circumstances, aliens convicted of qualifying crimes be detained pending removal proceedings. 8 U.S.C. § 1226(c).

After the completion of removal proceedings, the detention, release and removal of an alien who has been ordered removed is governed by 8 U.S.C. § 1231(a). *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001)(referring to § 1231 as the "post-removal-period detention statute."). Section 1231(a) does not apply until the removal period has commenced. *See*, 8 U.S.C. § 1231(a)(1)(B)(stating that "the removal period begins on the

latest of the following: (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order. (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from custody or confinement.") *See also, Armijo v. Gonzales*, No. CV-05-1055-NVW (MEA), 2005 WL 2897520 (D. Ariz., Nov. 1, 2005)(noting that order of removal was not final because Immigration Judge's decision finding petitioner ineligible for cancellation of removal was still on appeal before the BIA.). Because Petitioner's removal order is presently on appeal to the Ninth Circuit Court of Appeals, the removal period has not commenced and Title 8 U.S.C. § 1226(c) governs Petitioner's detention.[1] For the reasons set forth below, the Court rejects Petitioner's claims and finds that his current detention is lawful.

### B. Whether § 1226 authorizes Petitioner's Continued Detention

The issue before the Court is whether an alien, such as Petitioner, who is detained pursuant to 8 U.S.C. § 1226(c) and who does not have a final order of removal because of challenges he is making to his removal, is entitled to release or a bail hearing.

In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court addressed detention under § 1226(c). The Court held that the detention of criminal aliens pursuant to 8 U.S.C. § 1226(c), i.e, before the issuance of a final order of removal, is "constitutionally permissible" for the "*limited* period" necessary to complete removal proceedings. *Id.* at 526, 531(emphasis added). In reaching this conclusion, the Court noted that detention under § 1226 is usually of short duration with a "definite termination point." *Id.* at 529. Specifically, the Court found that "the detention at stake under § 1226(c) lasts roughly a

---

[1] The "boilerplate" Reply submitted by Petitioner (docket # 13 at 1, n. 1) ignores the procedural posture of Petitioner's case and argues that his continued detention after the conclusion of the removal period violates the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (docket # 13) These arguments are inapplicable because the removal period has not commenced in this case and, therefore, Petitioner's current detention is governed by § 1226(c), not § 1231(a)(6) as Petitioner argues in his Reply. (docket # 13 at 3)

- 5 -

1  month and a half in the vast majority of cases in which it is invoked, and about *five*
2  *months* in the minority of cases in which the alien chooses to appeal. *Demore*, 538 U.S.
3  at 530 (emphasis added). Although petitioner in *Demore* was detained for over six
4  months, which was longer than average, the Supreme Court found petitioner's
5  'temporary' confinement permissible. *Demore*, 538 U.S. at 530-531. The *Demore* Court
6  also noted that petitioner had conceded removability. *Id.*

7  Two years after *Demore*, in *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005),
8  the Ninth Circuit considered a habeas corpus petition filed by an alien who, at the time of
9  the decision, had been in federal custody for over thirty-two months. *Tijani*, 430 F.3d at
10 1242. He had spent twenty of those months in the administrative process. *Id.* at 1246
11 (Tashima, J., concurring) (noting that the IJ took almost seven months to issue a decision
12 and the BIA review took an additional thirteen months). In addition, the time of detention
13 during judicial review was prolonged by the Government's requests for extensions. *Id.* at
14 1242. The Ninth Circuit "construed the authority conferred by § 1226(c) as applying to
15 expedited removal of criminal aliens." *Id.* The Ninth Circuit concluded that "[t]wo years
16 and eight months of process is not expeditious; and the foreseeable process [necessary for
17 judicial review] in this case . . . is a year or more." *Tijani*, 430 F.3d at 1242. *Tijani* held
18 that petitioner was entitled to release unless the Government provided him with a bond
19 hearing before an immigration judge and established he was flight risk or a danger to the
20 community. *Tijani*, 430 F.3d at 1242. In further support of the Court's ruling, Tashima,
21 J., concurring, noted that "the sheer length of [petitioner's] detention violates the
22 Constitution now." *Id.* (Tashima, J., concurring).

23 Contrary to Petitioner's assertion, the rationale of *Tijani* does not apply to his case.
24 In *Tijani*, while petitioner was in detention for twenty months during administrative
25 proceedings, he was not subject to release on bond. 403 F.3d at 1242. Unlike *Tijani*, on
26 October 11, 2005, the same day Petitioner was taken into custody, DHS issued a Notice of
27 Custody Determination notifying Petitioner that he would be released upon the posting of
28

- 6 -

1  $20,000 bond. (Respondents' Exhs. 4, 5) Petitioner requested a bond re-determination
2  hearing, and the IJ held that the immigration court lacked jurisdiction to re-determine
3  bond. (Respondents' Exh. 6) Petitioner could have posted a $20,000 bond and been
4  released. Petitioner, however, did not post bond and did not appeal the bond
5  determination. He now argues that he has been "under ICE custody for 2 years without
6  the chance to have bond," which ignores the October 11, 2005 Custody Determination
7  Order. (docket # 1 at 4)
8        In a similar situation, the District of Arizona held that the time an immigration
9  detainee was in detention, but could have been released if he posted bond, did not count
10  against the government when considering whether Petitioner's removal proceedings were
11  expeditious as contemplated by *Tijani*. *Mboussi-Ona v. Crawford*, No. CV-06-2897-
12  PHX-NVW (BPV), 2007 WL 3026946, * 4 (D. Ariz. Sept. 27, 2007). In *Mboussi-Ona*,
13  the Court stated that:

> [Petitioner] was granted release after two months in custody, but declined to post bond. This option was available to him until the BIA affirmed the IJ's decision. For the remainder of the administrative process he had the ability to free himself, but chose to remain in custody. This self-chosen detention occasions no due process grievance and should not count against *Tijani's* expedited standard.

*Mboussi-Ona*, 2007 WL 3026946, * 4. Similar to *Mboussi-Ona*, Petitioner could have been released on bond as early as October 11, 2005, when DHS issued the Form I-286 setting bond at $20,000. (Respondents' Exh. 5) Petitioner could have posted this bond up until the Board of Immigration Appeals affirmed the IJ's order of removal on September 15, 2006. In other words, Petitioner could have posted bond and been released at any point during the eleven-month period of his administrative proceedings. Relying on *Mboussi-Ona*, the Court finds that these eleven months do not count against the Government in determining whether Petitioner's administrative proceedings were expeditious as contemplated in *Tijani*.

- 7 -

1       Petitioner's administrative proceedings lasted from the issuance of the Notice to
2 Appear on October 11, 2005 until the September 15, 2006 BIA decision affirming the IJ's
3 decision.  *See, Armendariz-Montoya v. Sonchik*, 291 F.3d 1116, 1121 (9th Cir. 2000)
4 (removal proceedings begin with the filing of a Notice to Appear and end when the BIA
5 issues a decision, or earlier if there is no appeal); 8 C.F.R. § 1003.39.  Unlike Petitioner in
6 *Tijani*, whose administrative process lasted twenty months, Petitioner's detention during
7 administrative proceedings lasted only eleven months.  Although Petitioner's
8 administrative proceedings lasted longer than those in *Demore*, Petitioner's administrative
9 proceedings, which lasted eleven months, were expeditious in view of fact that Petitioner
10 could have posted bond and been released at any time, unlike the protracted proceedings
11 disapproved in *Tijani* where petitioner had no opportunity to be released on bond.
12      Because the duration of Petitioner's administrative detention neither exceeds nor
13 counts against the expedited standard, Petitioner is left only with the argument that the
14 *Tijani* gloss on § 1226(c) entitles him to habeas relief based solely on the length of
15 detention during his judicial appeal.  Petitioner has been detained for approximately
16 seventeen months during his judicial appeal based on a stay of removal which Petitioner
17 obtained from the Ninth Circuit.  Respondents correctly assert that Petitioner's decision to
18 seek judicial review and a stay of removal has contributed to the overall length of his
19 detention.  Although Petitioner "should not effectively be punished for pursuing applicable
20 legal remedies," *Lawson v. Gerlinski*, 332 F.Supp.2d 735, 746 (M.D.Pa. 2004), there is no
21 evidence that the Government has prolonged the appeal unreasonably.  Petitioner's judicial
22 appeal time (approximately 17 months to date) is within the norm for civil appeals in the
23 Ninth Circuit.  *Mboussi-Ona* 2007 WL 3026946, * 5 (finding that appeal which had been
24 pending for seventeen months before the Ninth Circuit was within the norm.); *Azeke v.*
25 *Gonzales*, No. C-07-0709-MMC, 2007 WL 1223844 (N.D.Cal. April 25, 2007) (noting
26 that appeal which had been pending for ten months before the Ninth Circuit was
27 reasonable.).
28
- 8 -

Petitioner's case is also distinguishable from *Nadarajah v. Gonzales*, 443 F.3d 1069 (9th Cir. 2006) which Petitioner cites in his Petition. In *Nadarajah*, a non-criminal alien was detained for five years. The Ninth Circuit held that his detention was impermissible because the petitioner "established that there was no significant likelihood of removal in the reasonably foreseeable future." *Nadarajah*, 443 F.3d at 1080 (stating that "detention of nearly five years- ten times the amount the Supreme Court has considered acceptable absent a special showing - is plainly unreasonable under any measure."). Although petitioner in *Nadarajah* was detained under § 1225(b), unlike petitioner who is detained under § 1226(c), "the Ninth Circuit's reading of *Demore* in *Nadarajah* indicates that section 1226(c), like section 1225(b), should be construed to prohibit indefinite detention and to contain the same reasonableness limitations on detention as § 1225(b)." *Martinez v. Gonzales*, 504 F.Supp.2d 887, 897 (C.D.Cal. 2007).

Petitioner has been detained significantly less time than petitioner's five-year detention in *Nadarajah*. Additionally, Petitioner has been ordered removed to El Salvador and there is nothing in the record to suggest that Petitioner's removal will not be effectuated in the reasonably foreseeable future upon the conclusion of his proceedings before the Ninth Circuit.[2]

In summary, Petitioner's detention is authorized by § 1226(c) and he is not entitled to habeas corpus relief.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus (docket # 1) be **DENIED**.

---

[2] In his "boilerplate" Reply, Petitioner argues that it is unlikely a travel document will ever issue. (docket # 13 at 9) Petitioner, however, does not submit any evidence in support of this statement. Moreover, the Reply, by admission, contains generic arguments applicable to the majority of detainees "whose petitions have identical issues" and is not specific to Petitioner's case. (docket # 13 at 1, n. 1)

- 9 -

1  This recommendation is not an order that is immediately appealable to the Ninth
2 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
3 Appellate Procedure, should not be filed until entry of the District Court's judgment. The
4 parties shall have ten days from the date of service of a copy of this recommendation
5 within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1);
6 Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten
7 days within which to file a response to the objections. Failure timely to file objections to
8 the Magistrate Judge's Report and Recommendation may result in the acceptance of the
9 Report and Recommendation by the District Court without further review. *See United*
10 *States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file
11 objections to any factual determinations of the Magistrate Judge will be considered a
12 waiver of a party's right to appellate review of the findings of fact in an order or judgment
13 entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules
14 of Civil Procedure.

  DATED this 1st day of May, 2008.

Lawrence O. Anderson
United States Magistrate Judge

- 10 -